**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:26-cv-00246-SPM |
| | ) | |
| CITY OF ST. LOUIS (SLMPD), et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Jane Doe's application to proceed in district court without prepaying fees or costs. Based on Plaintiff's financial information, the Court grants her application and waives her filing fee. As Plaintiff is proceeding in forma pauperis, her complaint is subject to the Court's initial review. On initial review under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses this action for failure to state a claim upon which relief may be granted.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Serv. LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff brings this 42 U.S.C. § 1983 case alleging Defendants violated her constitutional rights by not documenting or investigating alleged criminal victim tampering. She names as Defendants the City of St. Louis Metropolitan Police Department, Catherine L. Hanaway, Gabriel E. Gore, Sydney Beecher, Officer McMath, and Officers John and Jane Does 1-9.

Plaintiff alleges that beginning in April 2025, she attempted to report felony victim tampering and the St. Louis City Police refused to document the alleged crime. "They personally refused to write a [police] report, dismissing the situation as 'women going back and forth,' which blocked my initial access to the justice system." Doc. 1 at 5. She also sues the Circuit Attorney for the City of St. Louis and the Attorney General, stating that these officials "failed to oversee [their] staff or ensure the law was followed, allowing [their] office to continue ignoring felony crimes." Doc. 1-1 at 4.

For relief, she seeks punitive damages and compensatory damages for severe emotion distress, loss of personal security, and "loss of faith in the justice system as a whole." *Id.* at 6. Additionally, she seeks "an order staying and pausing the 7% SLMPD salary increase," and "an order for a formal review of the budgetary allocation for the 7% increase to determine its legality," and declaratory judgment. *See* Doc. 1-1 at 5.

**Discussion**

Plaintiff's action against the St. Louis City Police Department, municipal officials, and several unknown police officers is subject to dismissal. Plaintiff does not have a constitutional right to a police investigation or a police report. *See A.J. ex rel. Dixon v. Tanksley*, 94 F. Supp. 3d 1061, 1071 (E.D. Mo. 2015) (collecting cases); *see also Donaldson v. City of Chicago*, 784 F. App'x 957, 959 (7th Cir. 2019) (finding plaintiff failed to state a "federal due-process claim because he does not have a constitutional right to demand that the police investigate his alleged assault, even by merely completing a police report about the matter"). Additionally, Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "[U]nless [a plaintiff] is being threatened with prosecution, plaintiff 'lacks standing to contest the policies of the prosecuting authority.'" *Futrell v. Hayden*, 2022 WL 1902208, *10 (E.D. Mo. May 17, 2022) (quoting *Linda R.S.*, 410 U.S. at 614)).

Because Plaintiff has no constitutional right to a police report or the prosecution of the alleged criminal activity, she has not stated a plausible claim against Defendants. The Court dismisses this action for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. (Doc. 4)

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot. (Docs. 2, 5).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 19th day of August, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE